NEIL SKOUSEN (Utah Bar No. 10064)
ATTORNEY AT LAW
P.O. Box 1771
Orem, Utah 84059-1771
Tel: 801.376.6666
Email: Ndskousen@aol.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER LEAH,<br><br>   Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.<br>*a foreign corporation,*<br>*dba* Smith's Food & Drug,<br><br>   Defendant. | COMPLAINT<br><br>Case No._____<br><br>Judge_____<br><br>Jury Trial Demanded |

NATURE OF THE CASE

This is an action filed by Plaintiff, Peter Leah ("Leah" or "Plaintiff"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., Title I of the Civil Rights Act of 1991, and the Utah Anti-discrimination Act of 1965 ("UADA"), all acts and statutes as amended, to correct unlawful employment discrimination practices on the basis of sex/gender discrimination-male; sex/gender – sexual harassment/hostile work environment; national origin/English/England, retaliation for complaining about discrimination and reporting sexual harassment; tort claims under the State of Utah statutes, and, wrongful termination of Plaintiff's employment by Defendant, Smith's Food & Drug Centers, Inc. dba Smith's Food & Drug

("Smith's" or "Defendant"), and to provide appropriate relief to Plaintiff who was adversely affected by such unlawful practices.

Plaintiff's allegations give rise to a claim of punitive damages because the acts of Smith's was willful and malicious and/or manifest a knowing and reckless indifference toward and with a callous disregard of the federally-protected rights of Plaintiff.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.
2. Plaintiff, Peter Leah, a male, who is a resident of the State of Utah, is the alleged aggrieved party, and is therefore authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and the Utah Anti-Discrimination Act (UADA) pursuant to Utah Code Ann. §34A-5-101, et seq.
3. Plaintiff was employed by Defendant Smith's.
4. Defendant Smith's is a corporation that has been operating in the State of Utah at all relevant dates and times to this action and has employed Plaintiff at all relevant dates and times to this action and does business as a grocery, gas and services store known to general public and consumers as Smith's Food & Drug.
5. Defendant Smith's has had over 500 employees in the State of Utah at all dates and times relevant to this action.
6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. Venue is proper and this action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3)

("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a and 1988.  As Plaintiff's state law claims derive from the same nucleus of operative facts as his federal claims, this Court has pendent jurisdiction pursuant to 28 U.S.C. § 1367.

7. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by federal and state laws which prohibit sexual harassment and discrimination against employees because of their gender/female and which prohibit retaliation against Plaintiff for complaining about sexual harassment and national origin discrimination and retaliation in the workplace.

8. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

9. The action properly lies in the District of Utah, Central Division pursuant to 28 U.S.C. § 1391 because the claims therein arose in the judicial district.

10. At all relevant times in this action, Smith's is subject to the jurisdiction of the court and subject to the applicable federal statutes and state law claims asserted herein.

11. At all relevant dates and times, Smith's was and is an employer engaged in the business of retail grocery store goods, services and gasoline for sale to consumers and the general public and other related industries/businesses affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

12. Plaintiff filed a timely charge of discrimination with the Utah Anti-Discrimination & Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC") charging discrimination based on, *inter alia*, sex, sexual harassment, gender discrimination, national origin, and retaliation.

13. Plaintiff received his February 26, 2021 Notice of Suit Rights/Right to Sue letter from EEOC on or after March 1, 2021.  This Complaint is timely filed with this Court as required by statute and the federal rules of civil procedure.  The EEOC Notice of Suit Rights/Right to Sue letter is filed or attached with this Complaint.

14. Plaintiff has satisfied all administrative prerequisites associated with his claims of discrimination and retaliation and has exhausted his administrative remedies.

## STATEMENT OF FACTS

15. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

16. Plaintiff's gender is male.

17. Plaintiff's national origin is the nation of England.

18. Plaintiff's national origin language is English/British.

19. Plaintiff was employed by Smith's from approximately February 15, 2016 until approximately July 15, 2019.

20. Plaintiff was employed by Smith's as an Assistant Manager.

21. During Plaintiff's employment, he was subjected to sexual harassment/male and sex discrimination.

22. During Plaintiff's employment, he was subjected to national origin discrimination/English-England.

23. During Plaintiff's employment, he was subjected to hostile work environment.

24. During Plaintiff's employment, he was subjected to retaliation.

25. During Plaintiff's employment, he was subjected to wrongful termination.

26. Plaintiff suffered discrimination and retaliation misconduct by Smith's including, but is not limited to:

    a. Management and employees mocked Plaintiff's English/British accent.

    b. Plaintiff was frequently mocked with statements such as, "You sound like a homo!" and "Go back to England you fag!"

    c. Plaintiff was told to "Go fuck the Queen [of England]!"

    d. Plaintiff was subjected to severe and pervasive statements that were lewd and inappropriate sexual comments from female employees regarding having sex with Plaintiff or asking him if they could show him female breasts.

    e. When Plaintiff complained to Management, Plaintiff was ridiculed and told to "just deal with it!" and no substantive investigation was conducted by Smith's.

    f. Shortly after Plaintiff complained to Management, Smith's terminated Plaintiff from his employment there.

27. With each of the above incidents Plaintiff told the offenders they could not talk to him like that in the workplace.

28. Plaintiff alleges he was discriminated against on the basis of sexual harassment, sex/gender-male, hostile work environment, State of Utah tort claims, retaliation, and wrongful termination by Defendant.

29. Plaintiff alleges the actions of this employer and Defendant are in violation of Title VII of the Civil Rights Act of 1964, the Utah Anti-Discrimination Act of 1965, state tort law claims, and all other applicable laws and statutes cited herein, all acts and laws as amended.

## CAUSES OF ACTION

### Count I – Sexual Harassment (Hostile Work Environment)

30. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

31. Defendant subjected Plaintiff to unwelcome, offensive, and sexually harassing conduct during his employment with Smith's by reason of his sex/gender: male and national origin: English/England.

32. The unwelcome, offensive and sexually harassing conduct included, among other things, soliciting of Plaintiff for sexual acts, using obscene and profane sexual language at Plaintiff, and making sexual advances against Plaintiff in his presence.

33. Smith's terminated Plaintiff's employment because of and shortly after he complained of sexual harassment and national origin discrimination to Smith's Management.

34. The unwelcome, offensive and harassing discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's mental health, emotional well-being, and work performance as it created an intimidating, hostile and offensive working environment.

35. The unwelcome, offensive and harassing behavior continued even after Plaintiff requested that it stop.

36. Plaintiff suffered damages, to be determined at trial, as a result of the sexual harassment and national origin discrimination and the hostile work environment.

### COUNT II – Discrimination on the basis of National Origin/English-England

37. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

38. Plaintiff is an employee who is a member of a protected class – national origin/English-England.

39. that he is qualified for the relevant position of Assistant Manager.

40. that there was an adverse employment action. Plaintiff was terminated from his employment after complaining of being harassed based on his national origin and English/British accent.

41. The above allegations are evidence which supports the inference of improper motivation which resulted in Smith's terminating Plaintiff.

42. Smith's terminated Plaintiff's employment because of and shortly after he complained of sexual harassment and national origin discrimination to Smith's Management.

43. The unwelcome, offensive and harassing discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's mental health, emotional well-being, and work performance as it created an intimidating, hostile and offensive working environment.

44. The unwelcome, offensive and harassing behavior continued even after Plaintiff requested that it stop.

45. Plaintiff suffered damages, to be determined at trial, as a result of the sexual harassment and national origin discrimination and the hostile work environment

## COUNT III - Retaliation

46. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

47. Smith's intentionally, willfully, and wantonly retaliated against Plaintiff in response to his complaints about sexual harassment, hostile work environment and national origin discrimination.

48. As a direct and proximate result of Smith's misconduct described herein, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

### COUNT IV - Intentional Infliction of Emotional Distress

49. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

50. Smith's discrimination and retaliatory actions directed against Plaintiff were intentional and inflicted upon Plaintiff severe mental and emotional distress.

51. Smith's knew or should have known of the actions described herein, and its sanctioning and involvement in the sexual harassment, and retaliatory actions directed against Plaintiff was intentional and inflicted upon Plaintiff severe mental and emotional distress.

52. As a direct and proximate result of Smith's actions described herein, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

53. Smith's is liable for the misconduct of its Management, Supervisors, and Employees under the doctrine of respondeat superior.

### COUNT V – Wrongful Termination

54. Plaintiff reiterates, realleges, and incorporates by reference all paragraphs of the Complaint as set forth herein.

55. At all relevant times alleged herein, Plaintiff was and is a member of a protected class or engaged in statutorily protected activity.

56. Plaintiff worked his job duties in a satisfactory manner.

57. Plaintiff was discharged from his job by Defendant/Smith's in retaliation for engaging in statutorily protected activity as alleged herein.

58. As a direct and proximate result of Defendant conduct and that of its Store Manager, as described herein, Plaintiff has suffered from a loss of income and benefits, and has suffered severe emotional distress and mental anxiety, for all of which she should be compensated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Smith's as follows:

A. Compensatory, general and special damages including lost wages, past and future, and/or impairment of power to earn money, emotional pain, emotional distress and humiliation, past and future, past and future medical, psychological and counseling expenses in an amount to be proven at trial but in any case, up to the statutory limits imposed by law;

B. Punitive damages for an amount to be proven at trial;

C. Pre-judgment and post-judgment interest;

D. Attorneys' fees pursuant to statute, and costs incurred in prosecuting this action;

E. A positive letter of reference and positive employment references in Plaintiff's personnel file;

F. An order requiring Defendant to conduct ongoing Title VII training with all its executives, officers, management, supervisors, and employees and submit proof thereof to the UALD – Utah Labor Commission, EEOC, and Plaintiff's counsel; and,

G. Any other and further relief that the court considers proper and just under the circumstances.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised in this Complaint.

Date: June 1, 2021.

*/s/ Neil Skousen*
NEIL SKOUSEN
Attorney for Plaintiff