**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **PETER LEAH,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation, dba Smith's Food & Drug,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:21-cv-00336-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendant Smith's Food & Drug Centers, Inc.'s ("SFDC") motion to dismiss Plaintiff Peter Leah's ("Mr. Leah") amended complaint under Fed. R. Civ. P. 12(b)(6).[2] Based on the analysis set forth below, the court grants SFDC's motion.

**BACKGROUND**

Mr. Leah was employed by SFDC as an Assistant Manager from approximately February 15, 2016, until July 15, 2019.[3] During that time, Mr. Leah alleges that he was subjected to sexual

[1] ECF No. 14.

[2] ECF No. 8.

[3] ECF No. 6, ¶¶ 19-20.

harassment and derogatory comments referring to his British national origin.[4] Mr. Leah further alleges that shortly after he complained to SFDC management about the harassment and comments, SFDC terminated his employment.[5]

On October 10, 2019—87 days after Mr. Leah's termination—Mr. Leah submitted a completed intake questionnaire to the Utah Antidiscrimination and Labor Division ("UALD").[6] The questionnaire asked for Mr. Leah's personal information and for details outlining the basis of his discrimination claim.[7] The first page of the questionnaire informed Mr. Leah that he had "180 days from the date [he] knew about the discrimination" to file a charge of discrimination with the UALD and 300 days to file such a charge with the Equal Employment Opportunity Commission ("EEOC").[8] The questionnaire then explained that the UALD would use the completed questionnaire to draft a charge and send it to Mr. Leah, but that the UALD could "open a case" only "after it . . . received [his] signed, notarized Charge back."[9]

293 days later, Mr. Leah submitted a charge of discrimination to be filed with both the EEOC and the UALD.[10] On February 26, 2021, the EEOC issued notice that it was closing its

---

[4] *Id.*, ¶¶ 21-22, 26.

[5] *Id.*, ¶¶ 26, 33.

[6] ECF No. 19-1.

[7] *Id.*

[8] *Id.* at 1.

[9] *Id.*

[10] ECF No. 8-1.

file on Mr. Leah's charge and that it would "not proceed further with its investigation."[11] That notice informed Mr. Leah that any lawsuit regarding his charge must be filed within 90 days of Mr. Leah's receipt of the notice.[12]

Mr. Leah filed his complaint in this action on June 1, 2021.[13] After being granted an extension of time to serve his complaint,[14] Mr. Leah filed an amended complaint on September 30, 2021.[15] Mr. Leah's amended complaint asserts causes of action under Title VII and the Utah Anti-Discrimination Act ("UADA") against SFDC for: (1) sexual harassment and hostile work environment, (2) discrimination on the basis of national origin, and (3) retaliation.[16] Mr. Leah also asserts common-law causes of action against SFDC for intentional infliction of emotional distress and wrongful termination.[17]

SFDC moved to dismiss Mr. Leah's amended complaint under Rule 12(b)(6) for failure to state claims upon which relief can be granted.[18] SFDC argues that Mr. Leah's claims under Title VII and the UADA are time-barred because his charge of discrimination was filed 380 days after the last incident of alleged discrimination took place. SFDC also argues that Mr. Leah's

---

[11] ECF No. 6-1 at 1.

[12] *Id.*

[13] ECF No. 2.

[14] ECF No. 5.

[15] ECF No. 6.

[16] *See generally id.*

[17] *See generally id.*

[18] ECF No. 8.

common-law claims are preempted by the UADA because those claims are based upon the same facts as his discrimination and retaliation claims under the UADA.

In response, Mr. Leah argues that his intake questionnaire was an "unperfected" charge of discrimination that was later perfected by his submission of the actual charge. Therefore, Mr. Leah argues, his actual charge should relate back to the date of his intake questionnaire, which would make his actual charge timely under Title VII and the UADA. Mr. Leah offers no response to SFDC's argument concerning preemption of his common-law claims by the UADA.

The court held oral argument on SFDC's motion on January 25, 2022.[19] During the hearing, Mr. Leah stipulated to dismissal of his common-law claims. Accordingly, the court granted the portion of SFDC's motion seeking dismissal of those claims. With respect to Mr. Leah's remaining claims under Title VII and the UADA, the court questioned and heard argument from counsel on the following two issues: (1) whether SFDC waived its right to contest the verification and timeliness of Mr. Leah's charge of discrimination by failing to raise those challenges in the EEOC proceedings; and (2) whether the court should treat SFDC's motion as a Rule 12(b)(6) motion to dismiss or a motion for summary judgment under Fed. R. Civ. P. 56. At the conclusion of the hearing, the court took the remainder of SFDC's motion under advisement and requested supplemental briefing on those two issues.

The parties filed their respective supplemental briefs on February 15, 2022.[20] In his brief, Mr. Leah argues that SFDC waived its right to contest the timeliness of his charge. Additionally,

---

[19] ECF No. 24.

[20] ECF Nos. 25-26.

Mr. Leah takes no position on whether SFDC's motion should be considered under Rule 12(b)(6) or Rule 56 but asks that he be permitted to amend his complaint if the court determines that his remaining claims should be dismissed. For its part, SFDC argues that its timeliness defense was not waived based upon its failure to raise it in the EEOC proceedings because that defense need only be raised for the first time in response to Mr. Leah's complaint in this case. SFDC also argues that regardless of whether the court considers SFDC's motion under Rule 12(b)(6) or Rule 56, Mr. Leah's claims under Title VII and the UADA should be dismissed with prejudice without further leave to amend.

As shown below, the court: (I) is not required to convert SFDC's Rule 12(b)(6) motion into a motion for summary judgment under Rule 56; (II) grants SFDC's motion to dismiss; and (III) denies Mr. Leah leave to amend. Therefore, the court dismisses Mr. Leah's claims in this action with prejudice.

## ANALYSIS

### I. The Court Need Not Convert SFDC's Rule 12(b)(6) Motion into a Motion for Summary Judgment Under Rule 56.

Because any documents the court considered outside of Mr. Leah's complaint are central to his claims, the court is not required to convert SFDC's Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. Rule 12(d) provides that a Rule 12(b)(6) motion must be converted to a motion for summary judgment under Rule 56 if "matters outside the pleadings are presented to and not excluded by the court."[21] However,

[21] Fed. R. Civ. P. 12(d); *see also* *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

> if a plaintiff does not incorporate by reference or attach a document to [his] complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss. . . . If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied. Moreover, conversion to summary judgment when a district court considers outside materials is to afford the plaintiff an opportunity to respond in kind. When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.[22]

Here, the only documents other than Mr. Leah's amended complaint and its attachments that the court considered are his charge of discrimination[23] and his intake questionnaire.[24] Both of those documents are undoubtedly central to Mr. Leah's claims under Title VII and the UADA. Therefore, the court need not convert SFDC's Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.

**II. The Court Grants SFDC's Motion to Dismiss.**

Before reaching the merits of SFDC's motion, the court sets forth the standards governing the motion. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[25] A court should "assume the factual allegations are true and ask whether it is plausible

---

[22] *GFF Corp.*, 130 F.3d at 1384.

[23] ECF No. 8-1.

[24] ECF No. 19-1.

[25] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

that the plaintiff is entitled to relief."[26] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[27] Thus, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[28]

Turning to the merits of SFDC's motion, as indicated above, at oral argument on the motion, Mr. Leah stipulated to dismissal of his common-law claims. Therefore, the court grants the portion of SFDC's motion seeking dismissal of those claims and will not discuss them further. As to Mr. Leah's remaining claims under Title VII and the UADA, the court dismisses them because: (A) Mr. Leah's charge of discrimination was not timely filed; and (B) Mr. Leah's arguments concerning waiver and timeliness fail. Therefore, the court dismisses all of Mr. Leah's claims in this action with prejudice.

**A. Mr. Leah's Charge of Discrimination Was Not Timely filed.**

Mr. Leah's charge of discrimination was not timely filed with either the EEOC or the UALD. Because Mr. Leah initially instituted proceedings with the UALD, he was required to file a "charge" with the EEOC "within three hundred days after the alleged unlawful employment practice occurred."[29] Under the UADA, Mr. Leah was required to file his charge "within 180

[26] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

[27] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[28] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

[29] 42 U.S.C. § 2000e-5(e)(1).

days after the alleged discriminatory or prohibited employment practice."[30] Additionally, under the relevant regulation, a "charge" of discrimination must be: (1) "in writing," (2) "signed," and (3) "verified."[31]

Under those standards, Mr. Leah did not submit to either the EEOC or the UALD a charge of discrimination that met the foregoing regulatory requirements. Importantly, Mr. Leah does not dispute that fact. Instead, Mr. Leah relies upon the date of his intake questionnaire to support his argument that his charge of discrimination was timely filed. That argument must fail because the intake questionnaire did not meet the foregoing regulatory requirements for want of being verified. Therefore, although the intake questionnaire was filed within the required regulatory deadline, it is not a "charge," and a verified charge was not filed until well after the deadline.

**B. Mr. Leah's Arguments Concerning Waiver and Timeliness Fail.**

Although Mr. Leah failed to file a timely charge of discrimination with either the EEOC or the UALD, that untimeliness is not fatal to the court's jurisdiction. Indeed, timely filing an EEOC charge "is not a jurisdictional prerequisite to suit in federal court," but "is subject to the doctrines of waiver, estoppel, and equitable tolling."[32] Accordingly, during oral argument on SFDC's motion, the court, referencing *Buck v. Hampton Township School District*,[33] questioned

---

[30] Utah Code Ann. § 34A-5-107(1)(c).

[31] 29 C.F.R. § 1601.9.

[32] *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

[33] 452 F.3d 256 (3d Cir. 2006).

and heard argument from counsel about whether SFDC had waived any challenges to the timeliness and verification of Mr. Leah's' charge by failing to raise them in the EEOC proceedings. As indicated above, the court requested supplemental briefing from the parties on that issue.

In its supplemental brief, SFDC correctly argues that although a challenge to the requirement of verification can be waived if not raised in EEOC proceedings,[34] a challenge to the timeliness of a charge of discrimination is not and need only be raised promptly during litigation.[35] Because SFDC raised its timeliness argument in response to Mr. Leah's amended complaint, SFDC did not waive that argument. Consequently, because Mr. Leah's charge was not timely filed, his claims under Title VII and the UADA must fail.

Nevertheless, Mr. Leah contends that his charge was timely and that SFDC waived its timeliness argument for three reasons. First, Mr. Leah contends that because EEOC processed his claim, it was considered timely. Second, Mr. Leah asserts that *Buck*'s reasoning applies to the

---

[34] *Id*. at 260-65.

[35] *Sanchez v. City & Cnty. of Denver*, 2019 WL 5695949, *7-10 (D. Colo. Nov. 4, 2019) (concluding that the defendant did not waive its timeliness challenge by raising it in the defendant's answer but not before the EEOC); *see also* *Salemi v Colo. Pub. Emps.' Ret. Ass'n*, 747 F. App'x 675, 688 n.6 (10th Cir. 2018) (explaining that the defendant did not waive the timeliness argument by raising it in the defendant's motion to dismiss and motion for summary judgment but not before the EEOC); *Alvarez v. Delta Airlines, Inc.*, 319 F. Supp. 2d 240, 248 (D.P.R. 2004) (stating that "it is irrelevant" whether the defendant raises an affirmative defense before an administrative agency, but that a defendant must plead all affirmative defenses in its answer or waive them); *Enright v. Ill. State Police*, 19 F. Supp. 2d 884, 888-89 (N.D. Ill. 1998) ("[T]here is no statutory requirement, or supporting case law, that requires a defendant to raise the statute [of] limitations defense at the investigation stage in order to preserve the defense at the litigation stage."); *Harold v. Am. Greetings Corp.*, No. 89 C 6076, 1990 WL 77515, at *3 (N.D. Ill. May 28, 1990) ("There is nothing requiring [the employer] to raise all of its affirmative defenses for the first time before the EEOC. We are the Article III court, not the EEOC.").

questionnaire here, which waives SFDC's timeliness defense. Finally, Mr. Leah argues that his charge of discrimination relates back to the date of his intake questionnaire. As shown below, each argument fails.

First, that the EEOC processed the charge does not have any legal significance to whether the charge was timely filed. The EEOC's timeliness determinations do not bind this court.[36] Moreover, the EEOC cannot waive a timeliness defense for an employer by processing an untimely claim.[37] Therefore, the EEOC's processing of Mr. Leah's untimely claim is not relevant.

Second, *Buck*'s reasoning is distinguishable from Mr. Leah's case. The *Buck* court's holding regards properly verifying a charge,[38] but the timeliness issue in the instant case differs in two ways. First, *Buck* dealt with whether a charge was properly verified, whereas, here, the question is whether a charge was timely filed.[39] On its face, the questionnaire says that it cannot function as a charge, and it was not verified. When a verified, signed, written document was eventually filed with the EEOC, it was too late. Thus, unlike *Buck*, the problem for Mr. Leah here is not that his charge lacked verification but rather his verified charge was filed late.

---

[36] *Sheaffer v. Cnty. of Chatham*, 337 F. Supp. 2d 709, 723 (M.D.N.C 2004) (holding that the court was not bound by the EEOC's determination that the charge was untimely); *Graves v. Univ. of Mich.*, 553 F. Supp. 532, 534 (E.D. Mich. 1982) ("[T]he EEOC's decision to process an untimely charge is not binding on this court.").

[37] *Allen v. Diebold, Inc.*, 807 F. Supp. 1308, 1313 (N.D. Ohio 1992) (holding that the EEOC's decision to process an untimely charge cannot waive, on an employer's behalf, an untimely charge).

[38] *Buck*, 452 F.3d 260-65.

[39] *Sanchez*, 2019 WL 5695949, at *8-9.

Second, unlike *Buck*, the fact that SFDC did not raise the timeliness issue before the EEOC is not waiver because EEOC proceedings are "non-adversarial," and an employer is not required to participate in the proceedings.[40] Therefore, it would be "incompatible" to deem the failure to raise an affirmative defense before the EEOC to be a waiver of such a defense.[41] Accordingly, Mr. Leah's reliance upon *Buck* to support his waiver argument fails.

      Finally, Mr. Leah argues that the date of his charge of discrimination relates back to the date of his intake questionnaire. That argument likewise fails. Relation back is applicable only to an amendment to a timely filed charge.[42] Accordingly, Mr. Leah cannot avail himself of a relation-back argument because the only document that meets the regulatory definition of a charge was not timely filed. The intake questionnaire cannot serve as a timely filed charge because it was not a charge as a matter of law. Thus, the intake questionnaire did not preserve the filing date for a charge for relation back purposes.

      As demonstrated above, Mr. Leah did not timely file a charge, and his arguments concerning waiver and timeliness fail. Therefore, the court grants SFDC's motion to dismiss Mr. Leah's claims under Title VII and the UADA and dismisses those claims with prejudice. Additionally, the court grants SFDC's motion to dismiss Mr. Leah's common-law claims and dismisses those claims with prejudice based on his stipulation.

---

[40] *Id.* at *9.

[41] *Id.*

[42] 29 C.F.R. § 1601.12(b) (referring to an amendment relating back to an "original charge"); *Sanchez*, 2019 WL 5695949, at *4.

## III. The Court Denies Mr. Leah Leave to Amend.

The court denies Mr. Leah leave to further amend his complaint because any amendment would be futile. In response to SFDC's motion to dismiss, Mr. Leah could have argued that equitable tolling, other grounds for waiver, or estoppel applied. However, he did not mention any of those things other than what was discussed above. Consequently, the court concludes that he cannot include any additional allegations that would somehow show that his charge of discrimination was timely filed. Therefore, any amendment to his complaint would not save his claims from dismissal under the analysis set forth above.[43]

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that SFDC's motion to dismiss[44] is GRANTED, and Mr. Leah's claims in this action are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 17th day of March 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[43] Additionally, Mr. Leah did not properly seek leave to amend by filing an appropriate motion under Fed. R. Civ. P. 15(a)(2) or by complying with the requirements of DUCivR 15-1(a).

[44] ECF No. 8.